IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WAYNE BASTEMEYER, <br><br> Plaintiff, <br><br> v. <br><br> DR. BRUCE O. BURNHAM et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT** <br><br> Case No. 2:18-cv-651-JNP <br><br> District Judge Jill N. Parrish |

Plaintiff, inmate Wayne Bastemeyer ("Plaintiff"), brings this *pro se* civil-rights action under 42 U.S.C. § 1983 *in forma pauperis* under 28 U.S.C. § 1915. Having now screened the Complaint, (Doc. No. 3), under its statutory review function, *see* 28 U.S.C. § 1915A,[1] the court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

---

[1] 28 U.S.C. § 1915A states:

>   (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   >   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   >   (2) seeks monetary relief from a defendant who is immune from such relief.

## COMPLAINT'S DEFICIENCIES

The court has identified several deficiencies with Plaintiff's Complaint including that it:

1. Does not properly affirmatively link several defendants to civil-rights violations.

2. Appears to inappropriately allege civil-rights violations on respondeat-superior theory (e.g., Warden Larry Benzon, Dr. Burnham, and Tony Washington).

3. Names some possible defendants only in the text, not in Complaint's heading.

4. Does not appear to recognize that Defendants' failure to follow their own promises or jail policy (e.g., regarding grievances) does not necessarily equal a federal constitutional violation.

5. Inappropriately alleges civil-rights violations on the basis of denied grievances.

6. Has claims apparently regarding current confinement; however, the complaint was apparently not drafted with contract attorneys' help.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se

litigant." *Id.* Thus, the court can neither "supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[2]

(2) The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

---

[2] Fed. R. Civ. P. 15(a) reads:
> (1) A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone, with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

(2) The Clerk's Office shall mail Plaintiff the 1) Pro Se Litigant Guide and 2) the Information for Filing a Complaint under 42 U.S.C. Sections 1983 and 1985 guide, with a blank-form civil-rights complaint which Plaintiff must use if he wishes to pursue an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve the amended complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

DATED this June 6, 2019.

BY THE COURT:

JILL N. PARRISH
United States District Court Judge