IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WAYNE BASTEMEYER,<br><br>       Plaintiff,<br><br>v.<br><br>DR. BRUCE O. BURNHAM et al.,<br><br>       Defendants. | **MEMORANDUM DECISION AND DISMISSAL ORDER**<br><br><br>Case No. 2:18-CV-651-JNP<br><br>District Judge Jill N. Parrish |

## I.  BACKGROUND

Plaintiff Wayne Bastemeyer ("Plaintiff") brings this *pro se* civil-rights action under 42 U.S.C. § 1983 *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. On August 27, 2018, the court granted Plaintiff's IFP status and ordered Plaintiff to file his inmate-account statement. ECF. No. 2. On August 29, 2018, Plaintiff filed his complaint in this matter, arguing that officials working at the State of Utah's prison in Draper, Utah, have deprived him of adequate medical care for his serious medical need in violation of his Eighth Amendment rights. ECF No. 3 at 3. On September 20, 2018, Plaintiff filed his inmate-account statement. ECF No. 7. On October 24, 2018, the court ordered Plaintiff to file his initial partial filing fee ("IPFF") and consent to collection of filing fee. ECF No. 8. Plaintiff filed his consent on November 15, 2018, *see* ECF No. 9, and filed his IPFF on December 17, 2018. The court found numerous deficiencies in Plaintiff's initial complaint and on June 6, 2019, the court ordered Plaintiff to cure the deficiencies by filing an amended complaint within thirty days of the order. ECF No. 12. Plaintiff moved for an extension of time to file his amended complaint, and on July 11, 2019, the court granted the extension and instructed Plaintiff

to file his amended complaint by August 7, 2019. ECF No. 14. However, Plaintiff never filed his

amended complaint and the court has not directly heard from Plaintiff since June 27, 2019 (almost

ten months ago). Therefore, the court dismisses this case without prejudice for failure to timely

respond to the court's order and prosecute the case.

## II.     ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the

plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b). The court

may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3

(10th Cir. 2003) (stating that although Rule 41(b) requires defendant file motion to dismiss, the

Rule has long been construed to let courts dismiss actions *sua sponte* when the plaintiff fails to

prosecute or comply with court orders); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630

(stating that district courts have inherent authority to clear "calendar[] of cases that have remained

dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*,

857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing that dismissal for failure to prosecute is the

"standard" way to clear "deadwood from the courts' calendars" in response to prolonged and

unexcused delay by plaintiff).

Generally, "a district court may, without abusing its discretion, [dismiss a case without

prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E.

Agents at Arapahoe County  Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). But, a dismissal

without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired

on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir.

1992). For purposes of this Order only, the court assumes the statute of limitations has expired on Plaintiff's claims if he were to refile them after dismissal.

When the dismissal is effectively with prejudice, the court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) to determine whether dismissal is appropriate: "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted). Dismissal with prejudice is proper only when these factors outweigh the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The Court now considers the *Ehrenhaus* factors as follows:

**Factor 1: Degree of actual prejudice to Defendant**. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S.

App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the court concludes that Plaintiff's neglect does not overtly prejudice Defendants, except that, in general, passage of time can weaken evidentiary support for a position. This factor weighs in favor of dismissal.

**Factor 2: Amount of interference with judicial process**. In *Jones v. Thompson*, the Tenth Circuit concluded that Plaintiff had significantly interfered with the judicial process when he failed to answer a show-cause order or join a telephone conference. *See* 996 F.2d at 265. Though Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court stated that "[i]n similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit determined that plaintiff greatly interfered "with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact

witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when the "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with the orders of the district court flouted the court's authority and interfered with the judicial process." (Internal quotation marks and citation omitted)). "[F]ailure to respond to court orders cannot be ignored." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).

Similarly here, Plaintiff's failure to prosecute this case—specifically his failure to comply with the court's order requiring him to timely file an amended complaint, *see* ECF No. 12—necessarily interferes with effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to comply with the court's order causes the court and staff to spend unnecessary time and effort that takes its attention away from other matters. Therefore, this factor weighs toward dismissal.

**Factor 3: Litigant's culpability**. Proof of culpability may be drawn from Plaintiff's failure to be in touch with the Court for long stretches and to substantively respond to the Court's orders to file an amended complaint. *See Villecco*, 707 F. App'x at 534; *see also Faircloth*, 2018 U.S.

App. LEXIS 36450, at \*6 (finding culpability when plaintiff solely responsible for not updating address and responding to show-cause order); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (stating plaintiff at fault for inability to receive court filings based on failure to notify court of correct address).

Earlier in this case, Plaintiff showed his ability to file a complaint and respond to court orders. *See* ECF Nos. 1, 3, 7, 9, 10, & 13. But nearly ten months have passed since the court required an amended complaint. ECF No. 12. Plaintiff is yet to comply with that order despite prior instances in which Plaintiff indicated he knew how to comply with orders. *See Banks*, 680 F. App'x at 724. Therefore, this factor weighs in favor of dismissal.

**Factor 4: Whether the court warned noncomplying litigant that dismissal was a likely sanction**. In *Faircloth*, the court twice warned the plaintiff that failure to comply with a court order would result in dismissal. *Faircloth*, 2018 U.S. App. LEXIS 36450, at \*7. On appeal, when plaintiff argued he did not get these warnings, the Tenth Circuit stated that "he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (affirming dismissal with prejudice because of a party's failure to appear, especially after the party was repeatedly warned of the consequences of nonappearance).

Here, the court warned Plaintiff on June 6, 2019: "If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." ECF No. 12 at 5. Plaintiff has not heeded this warning. Therefore, this factor counsels in favor of dismissal.

**Factor 5: Efficacy of lesser sanctions**. Also in *Faircloth*, the district court had ruled that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. LEXIS 36450, at *7-8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

And in *Villecco*, dismissal was approved when, "given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The Tenth Circuit said that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil*, 559 F. App'x at 722 ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In another case, the Tenth Circuit stated that though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

7

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (citation omitted)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles, the court concludes that no sanction less than dismissal would work here. First, though Plaintiff is *pro se*, he is not excused from neglecting the court's order for almost ten months. *See Green*, 969 F.2d at 917. Second, Plaintiff has flouted this order so thoroughly that the court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). Thus, "[i]t is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these

circumstances, no lesser sanction is warranted and dismissal is the appropriate result." *Kalkhorst*,

2018 U.S. Dist. LEXIS 215598, at *12-13.

## III.    ORDER

Having applied the *Ehrenhaus* factors to the timeline for this case and Plaintiff's lack of

responsiveness to the court's June 6, 2019 order to file an amended complaint, the court concludes

that dismissal is appropriate.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice.

Signed April 10, 2020

BY THE COURT:

_____

Jill N. Parrish

United States District Court Judge